**Ronald EVERETT, Plaintiff— Appellant,**

v.

**M.K. WITCHER, LT; et al., Defendants—Appellees.**

No. 02–55537.
D.C. No. CV–98–08492–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 16, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument, and accordingly denies Everett's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Ronald Everett, a California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights by conducting an anal cavity search pursuant to a search warrant and subsequently placing him into administrative segregation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both a district court's dismissal for failure to state a claim and summary judgment. *See Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam). We affirm.

■ The district court properly granted summary judgment on Everett's Fourth Amendment claim because the anal cavity search was conducted upon reasonable suspicion that Everett was involved in drug trafficking, *see Vaughan v. Ricketts*, 950 F.2d 1464, 1469–70 (9th Cir. 1991), and because the search was related to the legitimate penological goal of maintaining a drug-free prison facility, *see Tribble v. Gardner*, 860 F.2d 321, 325 (9th Cir.1988). In addition, the district court properly concluded that Everett failed to refute Witcher's evidence that the search was performed by medical personnel in a professional manner. *See Vaughan*, 950 F.2d at 1469–70. Similarly, the district court properly granted summary judgment on the Eighth Amendment claim because Everett failed to create a genuine issue of material fact that the search caused him "unnecessary and wanton infliction of pain." *See Tribble*, 860 F.2d at 325 n. 6.

■ The district court properly dismissed Everett's procedural due process claim arising from his placement in administrative segregation because he had no liberty interest in not being placed in segregation. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.1997). Furthermore, Everett's allegation that the prison officials violated his due process rights by relying on confidential informants lacks merit. *See Zimmerlee v. Keeney*, 831 F.2d 183, 186–87 (9th Cir.1987); *see also* Cal.Code of Regs. tit. 15, Sec. 3321(c) (confidential source may be deemed reliable if the provided information is self-incriminating).

We have considered Everett's contentions that the district court abused its discretion in denying his motion for leave to amend and his motion for additional discovery. Both contentions are unpersuasive. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999) (denying motion to amend because, among other things, plaintiff's motion was untimely and failed to explain the delay); *Qualls ex rel. Qualls v. Blue Cross of Calif., Inc.*, 22 F.3d 839, 844 (9th Cir.1994) (denying Fed.R.Civ.P. 56(f) motion because plaintiff had not "diligently pursued previous discovery opportunities," and because he did not "show how allowing the additional discovery would have precluded summary judgment").

■ Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Everett's state law claims because it had dismissed all of the claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

There is no support in the record for Everett's contention that the district court was biased against him. *See* 28 U.S.C. § 455(a).

Everett's remaining contentions are un-persuasive.

AFFIRMED.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.